UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH BAKER,

           Plaintiff,

    v.

STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS,

           Defendant.

Case No. C08-5081 FDB/KLS

ORDER TO SHOW CAUSE FOR
FAILURE TO STATE A CLAIM

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Before the Court for review is Plaintiff's proposed civil rights complaint in which Plaintiff purports to sue the Department of Corrections pursuant to 42 U.S.C. § 1983. However, Plaintiff has failed to allege a claim against anyone who personally participated in causing an alleged deprivation of a constitutional right. Thus, the Court finds that Plaintiff must show cause why his complaint should not be dismissed for failure to state a claim.

## I. DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

ORDER
Page - 1

1        Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, state agencies, such as the Department of Corrections, are not "persons" within the meaning of 42 U.S.C. § 1983, and therefore they are not amenable to suit under that statute. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 1725 (S. Ct. 1725 (2005) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. at 70).

       Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold*, 637 F.2d at 1355. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

       Plaintiff names only the Department of Corrections as Defendant. In his Complaint, Plaintiff refers to the "DOC" who threw away his personal property. This is not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right. Plaintiff's Complaint must include factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered.

       Accordingly, it is **ORDERED**:

1. Plaintiff shall show cause why this complaint should not be dismissed. A response is due by **March 28, 2008.** If Plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the court will enter a report and recommendation that the complaint be dismissed.

2. The Court Clerk is directed to send a copy of this Order to Plaintiff.

DATED this  25th  day of February, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2