UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH BAKER,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON<br>DEPARTMENT OF CORRECTIONS,<br><br>            Defendant. | Case No.  C08-5081 FDB/KLS<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED:**<br>**April 4, 2008** |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and 4.  The Court is advised by Plaintiff that he no longer wishes to pursue this action.  Accordingly, the undersigned recommends that this action be dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**DISCUSSION**

On February 11, 2008, Plaintiff filed an application to proceed *in forma pauperis* and submitted a proposed complaint.  (Dkt. # 1).  Plaintiff's application to proceed *in forma pauperis* was granted.  (Dkt. # 3).  Plaintiff also filed a motion for the appointment of counsel.  (Dkt. # 5).  That motion was denied on February 25, 2008.  (Dkt. # 6).

REPORT AND RECOMMENDATION
Page - 1

After review of Plaintiff's proposed complaint, the Court ordered Plaintiff to show cause why the complaint should not be dismissed for failure to state a claim because Plaintiff failed to allege a claim against anyone who personally participated in causing an alleged deprivation of a constitutional right. (Dkt. # 7).  Plaintiff was advised that the facts as alleged in his Complaint are not sufficient to state a claim under 42 U.S.C. § 1983 and that he must set forth facts describing when and where and by whom he was deprived of a constitutional right, including factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered. *Id*.

In response, Plaintiff states that he no longer wishes to pursue this case "while [he] is incarcerated within the department of corrections." (Dkt. # 9).  Plaintiff states that he fears the $350.00 filing fee with the 20% deduction from his inmate account will cause great economic hardship to him[1] and that the Department of Corrections will retaliate against him for filing the lawsuit.  *Id*.  Plaintiff further bases his request for dismissal on this Court's denial of counsel, stating that he will resume his action when he is released from custody later this year, when he can retain competent representation. *Id*.

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . .

**CONCLUSION**

The Court should dismiss this action as Plaintiff has voluntarily requested dismissal.  No answer or motion for summary judgment has been filed by the Defendant.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R.Civ.P. 6.  Failure to file objections will result in a waiver of those

---

[1] Although Plaintiff may voluntarily dismiss his case, the cost of filing this lawsuit has already been incurred.  Therefore, his request to "cancel" the order granting him leave to proceed *in forma pauperis* cannot be granted.

REPORT AND RECOMMENDATION
Page - 2

1 objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time

2 limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 4,**

3 **2008,** as noted in the caption.

4       DATED this  12th  day of March, 2008.

7                                 Karen L. Strombom

8                                 United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3